**HOLLAND & KNIGHT LLP**
Valerie E. Brown (027152010)
2929 Arch Street, Suite 800
Philadelphia, PA 19104
Tel: (215) 252-9569
Valerie.Brown@hklaw.com

*Attorneys for Defendants*
*Garda CL Atlantic, Inc.*
*Rolando Hernandez*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEANDRA PITTMAN,<br><br>Plaintiff,<br>v.<br><br>GARDA CL ATLANTIC, INC.;<br>ROLANDO HERNANDEZ; and JOHN<br>DOES 1-5 and 6-10,<br><br>Defendants. | Civil Case No. _____<br><br>**NOTICE OF REMOVAL** |

### DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1446

Defendants Garda CL Atlantic, Inc. and Rolando Hernandez ("Defendants"), by and through their undersigned counsel Holland & Knight LLP, respectfully file this Notice of Removal for the matter captioned *Leandra Pittman v. Garda CL Atlantic, Inc.; Rolando Hernandez; and John Does 1-5 and 6-10,* filed in the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. MID-L-2331-23, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1446.

Pursuant to Plaintiff's complaint, Plaintiff Leandra Pittman resides in Irvington, New Jersey. Defendant Garda CL Atlantic, Inc. ("Garda") is incorporated in Delaware and its principal place of business is located at 2000 NW Corporate Boulevard, Suite 400, Boca Raton, Florida,

33431. Defendant Rolando Hernandez resides at 100 Ocean Breeze Drive, Juno Beach, Florida, 33408.

## I.    NATURE OF THE ACTION

1.      On or about April 25, 2023, Plaintiff Leandra Pittman ("Plaintiff") filed an action against Defendants by filing a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, bearing Docket No. MID-L-2331-23 (the "State Court Action").[1] A true copy of the Plaintiff's Summons and Complaint, which was served on Defendants on May 8, 2023, is attached hereto as **Exhibit A.**

2.      Plaintiff alleges claims under the New Jersey Conscientious Employee Protection Act ("CEPA"), and seeks damages for economic and non-economic losses as a result of the alleged retaliatory adverse employment action taken by Defendants against her. *See* Compl. ¶ 28.

3.      All of Plaintiff's causes of action arise from the same alleged misconduct by Defendants. *See* Complaint, attached hereto as **Exhibit A.**

## II.    THE COURT'S REMOVAL JURISDICTION

### A.  The Instant Removal Application is Timely.

4.      Pursuant to 28 U.S.C. § 1446(a), the Summons and Complaint and Affidavits of Service attached as **Exhibit A**, represent all process, pleadings, and orders served upon Defendants in the State Court Action to date.

5.      In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of the date when Defendants received copies of the initial pleading setting forth the claim for relief upon which this action is based.

---

[1] Defendants' response to the Complaint under the New Jersey Court Rules would be due in the state Court proceeding on June 13, 2023. Pursuant to Rule 81(c)(2)(C) of the Federal Rules of Civil Procedure, Defendants' response to the Complaint will be due seven (7) days after this Notice of Removal is filed.

6.    The filing of this Notice of Removal is timely because less than thirty (30) days have elapsed since the date of service on Defendants.  Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

7.    Plaintiff's Complaint was served on Defendants on May 8, 2023.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

**B.  Diversity of the Parties Exists.**

8.    This action is properly removable under 28 U.S.C. § 1441(a) because this United States District Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332(a).  Section 1332(a) provides in pertinent part:

> (a)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1)  citizens of different States;
>
> (2)  citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3)   citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4)  a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

9.      For purposes of 28 U.S.C. § 1441, a corporation shall be deemed to be a citizen of the state where it has its principal place of business and of any state where it is incorporated.

10.     Defendant Garda CL Atlantic, Inc. is a Delaware corporation.  Its principal place of business is in Florida.

11.     For individuals, "[a] natural person is deemed to be a citizen of the state where she [or he] is domiciled."  *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008).

12.     Defendant Rolando Hernandez is a citizen of the State of Florida.

13.     Plaintiff is a citizen of the State of New Jersey.  *See* Compl. ¶ 1.

14.     As between Plaintiff and Defendants, there is complete diversity as required by 28 U.S.C. § 1332(a).  Accordingly, the requirement of complete diversity is satisfied.

15.     The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* **Exhibit A**.

16.     The Court should look first to Plaintiff's complaint in determining whether the amount in controversy has been met.  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004) ("In removal cases, determining the amount in controversy begins with a reading of the complaint filed in state court.").

17.     Although Defendants flatly reject liability and Plaintiff's entitlement to any relief, they respectfully submit that based upon a fair reading of the Complaint and the facts set forth in this Notice of Removal, the Plaintiff seeks damages which exceed the minimum jurisdictional amount of $75,000.

18.     In Plaintiff's Complaint, Plaintiff demands compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced

attorneys' fees, equitable back pay, equitable front pay, and equitable reinstatement.  *See* **Exhibit A.**

19.    Plaintiff's alleged damages surpass the jurisdictional threshold.  Plaintiff earned an annual salary of $59,500.  It has been approximately one year since she alleges Defendants started to engage in unlawful behavior on or around June 2022.  With the added value of other forms of relief as detailed below, Plaintiff's alleged damages far exceed $75,000.

20.    Moreover, Plaintiff seeks both attorneys' fees and punitive damages, further ensuring that the amount in controversy is met.  *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (finding that punitive damages should be taken into account when calculating the amount in controversy, stating that punitive damages in New Jersey can be up to five times that of compensatory damages under N.J.S.A. 2A:15-5.14, and observing that attorneys' fees should also be considered); *see also Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997), *as amended* (Feb. 18, 1997) ("[A]ttorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.").

21.    Accordingly, diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1).

**C.  All Remaining Requirements for Removal are Satisfied.**

22.    The United States District Court for the District of New Jersey embraces the place where the State Court Action is pending.

23.    28 U.S.C. § 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  There are no other named defendants in this action.  Both Garda and Rolando Hernandez are represented by undersigned counsel and join in the removal of this action.

24.    Defendants reserve all rights, claims, and defenses relative to the action filed by Plaintiff and expressly do not waive any defense available in filing this notice.

25.    Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve this Notice of Removal upon all parties and shall promptly serve a copy thereof upon the clerk of the Superior Court of New Jersey, Middlesex County.

**WHEREFORE,** Defendants Garda CL Atlantic, Inc. and Rolando Hernandez respectfully request that the matter designated by the Complaint be removed to the United States District Court for the District of New Jersey, and proceed before this Court as an action properly removed.

Dated: June 7, 2023

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/Valerie E. Brown*

Valerie E. Brown (027152010)
2929 Arch Street, Suite 800
Philadelphia, PA 19104
Tel: (215) 252-9569
Valerie.Brown@hklaw.com

*Attorneys for Defendants*
*Garda CL Atlantic, Inc. and*
*Rolando Hernandez*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LEANDRA PITTMAN,<br><br>                      Plaintiff,<br>    v.<br><br>GARDA CL ATLANTIC, INC.;<br>ROLANDO HERNANDEZ; and JOHN<br>DOES 1-5 and 6-10,<br><br>              Defendants. | Civil Case No. _____<br><br>**NOTICE OF REMOVAL** |

**COUNSEL CERTIFICATION IN SUPPORT OF DEFENDANTS'**
**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1446**

I, Valerie E. Brown, of full age, hereby certify and declare as follows:

1.  I am an attorney-at-law of the State of New Jersey with the law firm of Holland & Knight LLP, counsel for Garda CL Atlantic, Inc. and Rolando Hernandez ("Defendants").

2.  I have read Defendants' Notice of Removal and the contents thereof are true to the best of my knowledge, information and belief.

3.  Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

        Respectfully submitted,

        */s/ Valerie E. Brown*
        Valerie E. Brown

Date: June 7, 2023

## <u>CERTIFICATE OF SERVICE</u>

I, Valerie E. Brown, hereby state that on June 7, 2023, I electronically filed the foregoing Notice of Filing Notice of Removal with the Clerk of the Court using the ECF electronic filing system, which will send notification of such filing to the registered, interested parties via electronic mail.

*/s/ Valerie E. Brown*
Valerie E. Brown

# EXHIBIT A

**Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**    Brett Kaplan
         Gardaworld Cashlink, LLC
         2000 NW CORPORATE BLVD
         BOCA RATON, FL 33431-7304

**RE:**    **Process Served in New Jersey**

**FOR:**   GardaWorld CashLINK LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: LEANDRA PITTMAN // To: GardaWorld CashLINK LLC |
| **CASE #:** | MIDL233123 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, West Trenton, NJ |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/08/2023 at 14:20 |
| **JURISDICTION SERVED:** | New Jersey |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Marcela Lozano  marcela.lozano@garda.com |
| | Email Notification,  Brett Kaplan  brett.kaplan@garda.com |
| | Email Notification,  Jeff Schiavino  jeffrey.schiavino@garda.com |
| | Email Notification,  JULIE HAYASHI  julie.hayashi@garda.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 820 Bear Tavern Road |
| | West Trenton, NJ 08628 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                           Mon, May 8, 2023
**Server Name:**                    Drop Service

| | |
|---|---|
| Entity Served | GARDAWORLD CASHLINK LLC |
| Case Number | MIDL233123 |
| Jurisdiction | NJ |

| Inserts | | |
|---|---|---|
| | | |



# Costello & Mains, LLC

### Counselors at Law

**Kevin M. Costello◊+**
**Deborah L. Mains○**
**Daniel T. Silverman□**



**Jacquelyn R. Matchett □**
**Christopher M. Emrich □**
**Miriam S. Edelstein □○**
**Christina M. D'Auria □**
**Lauren N. Bess +**
**Erica B. Askin○**
**Julie M. Gotchel +**
**Samantha Leeds +**
**Mark D. Laderman □**

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

○ Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
□ Member of the New Jersey, Pennsylvania Bars

**www.CostelloMains.com**
**(856) 727-9700**
**(856) 727-9797 (fax)**

May 4, 2023

**VIA PROCESS SERVER**
GardaWorld CashLink LLC c/o CT Corporation System
820 Bear Tavern Road
West Trenton, NJ 08628

     Re:    **Leandrea Pittman v. Garda CL Atlantic, Inc., et al.**
              **Docket No.: MID-L-2331-23**

To Whom It May Concern:

     Enclosed for service upon you please find the following:  Summons and Complaint, Case Information Statement, Track Assignment, Anti-Spoliation Letter, Plaintiff's First Set of Interrogatories to Defendants and Plaintiff's First Request for Production of Documents to Defendants, in the above matter.

     Thank you.

               Very truly yours,

               **COSTELLO & MAINS, LLC**

             By:  ___*/s/ Samantha J. Leeds*___
                    **Samantha J. Leeds**

SJL/tu
Enclosures
cc:    Leandrea Pittman

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

# Costello & Mains, LLC

### Counselors at Law



Kevin M. Costello◊+
Deborah L. Mains○
Daniel T. Silverman□

Jacquelyn R. Matchett □
Christopher M. Emrich □
Miriam S. Edelstein □○
Christina M. D'Auria □
Lauren N. Bess +
Erica B. Askin○
Julie M. Gotchel +
Samantha Leeds +
Mark D. Laderman □

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

○ Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
□ Member of the New Jersey, Pennsylvania Bars

www.CostelloMains.com
(856) 727-9700
(856) 727-9797 (fax)

May 4, 2023

**VIA PROCESS SERVER**
GardaWorld CashLink LLC c/o CT Corporation System
820 Bear Tavern Road
West Trenton, NJ 08628

Re:    **Leandrea Pittman v. Garda CL Atlantic, Inc., et al.**
       **Docket No.: MID-L-2331-23**

To Whom It May Concern:

Please be advised that this office represents the interests of the above-named plaintiff in this action.

The term "you," "your" or "yours" as used herein shall refer to you (the recipient of this letter), as well as any and all named defendants in this matter, its affiliates and/or subsidiaries, its employees, representatives and/or agents and officials, as well as any and all individuals responsible for the custody and control of the below information, including but not limited to those individual's administrative assistants, secretaries, agents, employees, information technology personnel and third-party vendors.

You are directed from this point forward to prevent any "spoliation", defined as alteration, change, updating, periodic destruction of, editing or deletion of, any of the information which is set forth hereafter.

If you cause any such alteration, destruction or change, directed or allow it to occur, you will be potentially charged with discovery rule violations for which sanctions may be imposed.

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

**856-727-9700 • 856-727-9797 (fax) • www.costellomains.com**

May 4, 2023
Page 2 of 3

Further, the Complaint may be amended to add purposeful and/or reckless or negligent destruction or spoliation of evidence. Finally, we may ask for specific instructions to the jury to find certain facts to your disadvantage by virtue of the destroyed or inaccessible evidence.

## Electronically Stored Information

In terms of electronically stored information, you are directed to prevent any destructive, alterative or other change to any web pages, virtual profiles or identities (including *but not limited to* Myspace, Facebook, Instagram, Pinterest, Twitter, Tumblr, LinkedIn, Google Plus+, Flickr, Vine, About.me, ask.fm etc. or any other social media-based web profile or networking site account.), emails, voice messages, text messages, instant messages or messaging systems, pertaining in any way to this controversy or to the parties or witnesses, recordings, digital recordings, media images and videos, temporary memory, memory sticks, portable memory devices, laptops or computers, CDs, DVDs, USB devices, databases, computer activity logs, internet browsing history (including cookies), network access and server activity logs, word processing files and file fragments, back-up and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contact and relationship management data (e.g., Outlook, ACT!), electronic spreadsheet files and file fragments, related to this matter. This includes a request that such information not be modified, altered or deleted as a result of data compression or disk fragmentation (or other optimizations procedures), which processes you are hereby directed to suspend until such time as that data can be preserved, copied and produced.

You are directed not modify, alter or delete—or allow modifications, alterations or deletions to be made to—any such electronically stored information unless an exact replica or "mirror image" has been made and will preserved and made accessible for purposes of discovery in this litigation and unless, in addition, an activity log of all document modifications already made to any electronically stored information is maintained.

Electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with information about those documents contained on the media. We also will seek paper printouts of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist.

You are further directed to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

## Paper Information

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

May 4, 2023
Page 3 of 3

In terms of paper information, you are directed to preserve any and all contracts and contract drafts, emails, memos and drafts of memos, handbooks (past and present), policies (past and present) and drafts, employment files (in employment matters), school and educational records (in school cases), other relevant records which may in any way pertain to the matter, pay stubs or duplicates if applicable, spreadsheets, lists, documents, notes, correspondence, photographs, investigative information or other documents which pertain in any way to the controversy, parties or witnesses in this matter.

Please be guided accordingly.

Very truly yours,

COSTELLO & MAINS, LLC

By:    /s/ Samantha J. Leeds
         Samantha J. Leeds

SJL/tu
cc:    Leandrea Pittman

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

**COSTELLO & MAINS, LLC**
By: Samantha Leeds
Attorney I.D. No. 332202021
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
sleeds@costellomains.com
Attorneys for Plaintiff

| | |
|---|---|
| LEANDRA PITTMAN, <br><br> Plaintiff(s), <br><br> vs. <br><br> GARDA CL ATLANTIC, INC.; <br> ROLANDO HERNANDEZ; and JOHN <br> DOES 1-5 AND 6-10, <br><br> Defendant(s). | SUPERIOR COURT OF NEW JERSEY <br><br> MIDDLESEX COUNTY - LAW <br> DIVISION <br><br> CIVIL ACTION <br><br> DOCKET NO: MID-L-2331-23 <br><br> **SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/   Michelle M. Smith
Clerk of the Superior Court

DATED: May 4, 2023

**Name of Defendant to be Served:**          **GardaWorld CashLink LLC**
                                             **c/o CT Corporation System**
**Address of Defendant to be Served:**       **820 Bear Tavern Road**
                                             **West Trenton, NJ 08628**

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

**COSTELLO & MAINS, LLC**
By:  Samantha Leeds
Attorney I.D. No. 332202021
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
sleeds@costellomains.com
Attorneys for Plaintiff

| | | |
|---|---|---|
| LEANDRA PITTMAN, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | MIDDLESEX COUNTY – LAW DIV. |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| GARDA CL ATLANTIC, INC.; | : | DOCKET NO: |
| ROLANDO HERNANDEZ; and | : | |
| JOHN DOES 1-5 AND 6-10, | : | |
| | : | **COMPLAINT AND JURY DEMAND** |
| Defendants. | : | |
| | : | |

Plaintiff, Leandra Pittman, residing in Irvington, New Jersey, by way of Complaint against the Defendants, says:

**Preliminary Statement**

This matter comes before the Court alleging unlawful retaliation in violation of the New Jersey Conscientious Employee Protection Act ("CEPA").

**Identification of Parties**

1.     Plaintiff Leandrea Pittman is, at all relevant times herein, a resident of the State of New Jersey, is a Black woman and an employee of the Defendants jointly and severally.

2.     Defendant Garda CL Atlantic, Inc. is, at all relevant times herein, a for-profit corporation with its principal business address at 100 Clover Place, Edison, New Jersey and is the employer of Plaintiff.

1

3.      Individual Defendant Rolando Hernandez is, at all relevant times herein, a resident of the State of New Jersey and is/was the Regional HR Director at Defendant and is the Plaintiff's employer within the meaning of CEPA and is answerable to the Plaintiff on the basis of his direct involvement or on the basis of *respondeat superior* for the acts set forth herein.

4.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

## General Allegations

5.      Plaintiff began her employment as a dispatcher for the Defendants in December 2019.

6.      Plaintiff continues employment with Defendant.

7.      At all relevant times, Plaintiff is qualified for her employment and performed up to and/or exceeded the Employer's legitimate expectations in her employment.

8.      Miguel Romero is, at all relevant times herein, the Defendant's branch manager and is a member of upper management.

9.      Sabrina Caricione is, at all relevant times herein, the Human Resources (HR) recruiter for the Defendant and is a member of upper management.

10.     Mike Cantu is, at all relevant times herein, the HR director for the Defendant and is a member of upper management.

11.     Plaintiff began working for the Defendants as of December 2019 and is still employed there.

12.     John Corea is, at all relevant times, a supervisor for the Defendant and is a member of upper management.

2

13.     Rolando Hernandez is, at all relevant times herein, the Regional HR director for the Defendant and is a member of upper management.

**A.     Plaintiff Objected to and Reported Employer Conduct She Reasonably Believes Violates Law and Compelling Mandates of Public Policy**

14.     Beginning in June 2022, Plaintiff objected to, and internally reported to, at least one member of upper management listed above, multiple employer practices and/or policies which she reasonably believed to be in violation of law and/or of a compelling mandate of public policy, including the following:

    a.   The employer failed to enforce any law prohibiting commercial drivers from utilizing text messaging on their cellular phones while operating a commercial motor vehicle.

    b.   The employer failed to enforce any law prohibiting drivers from using of a handheld cellphone while operating a commercial motor vehicle.

    c.   On June 24th, the employer allowed a driver to remain on duty while under the influence of alcohol.

    d.   The employer did not have a 24 hour Out of Service Order issued to a driver who reported to work while under the influence of alcohol.

    e.   The employer habitually allowed a driver to operate a commercial vehicle while his alertness would likely be affected by fatigue, inhibiting his ability to safely operate the vehicle.

    f.   The employer refused to address and remedy Plaintiff's reports of unlawful racial discrimination occurring at the workplace.

3

**B.**     **Plaintiff Reasonably and Correctly Believed Employer Conduct Violated Law and**

**Compelling Mandates of Public Policy**

15.     The Plaintiff was reasonable in her belief that this conduct by the employer was in

violation of laws and compelling mandates of public policy as follows:

a.  49 C.F.R. § 392.8 prohibits commercial drivers from texting while driving.

b.  49 C.F.R. § 392.8 prohibits motor carriers from allowing drivers to texting

while driving.

c.  49 C.F.R§ 392.82 prohibits motor carriers from using handheld cellphones

while operating a commercial motor vehicle.

d.  49 C.F.R§ 392.82 Prohibits motor carriers from allowing or requiring drivers

from using a handheld cellphone while operating a commercial motor vehicle.

e.  C.F.R. 49 §392.3 prohibits drivers from operating, and motor carriers from

allowing/requiring drivers to operate a motor vehicle while alertness is likely

to be impaired or likely to be impaired due to fatigue.

f.  49 C.F.R. § 392.5(a)(1) prohibits any driver from using alcohol or from being

under the influence of alcohol, within 4 hours before going on duty or

operating, or having physical control of, a commercial motor vehicle.

g.  49 C.F.R. § 392.5(a)(2) prohibits a driver from using alcohol, be under the

influence of alcohol, or have any measured alcohol concentration or detected

presence of alcohol, while on duty, or operating, or in physical control of a

commercial motor vehicle

h.  49 C.F.R. § 392.5(b) prohibits motor carriers from allowing or requiring

commercial drivers to violate any of the sections listed above, or on duty or

4

operate a commercial motor vehicle if, by the driver's general appearance or conduct or by other substantiating evidence, the driver appears to have used alcohol within the preceding four hours.

    i.   49 C.F.R. § 392.5(c) requires any driver in violation of any of the above sections to be issued 24 hour out of service order.

    j.   The NJLAD prohibits discrimination and harassment because of race.

**C.**    **Plaintiff Suffered Adverse Employment Action Because of her Participation in CEPA-Protected Conduct**

16.    Plaintiff participated in CEPA-protected conduct by reporting and/or objecting to employer conduct she reasonably believed violated law and public policy.

17.    Soon after participation in CEPA-protected conduct, the Defendant began taking retaliatory adverse employment action against the Plaintiff, including, but not limited to the following:

    a.   Forcing Plaintiff to endure a racially hostile work environment by failing to address or remedy Plaintiff's reports of racial harassment in the work place;

    b.   Refusing to address reports of hostile and/or aggressive treatment of Plaintiff by a male coworker;

    c.   Subjecting Plaintiff to elevated scrutiny of her job performance, compared to others holding her position, despite her satisfactory performance of her job duties;

    d.   Public criticism and reprimand for conduct for which others were not subjected to similar reprimand and criticism;

5

e.  Allowing Plaintiff to be physically threatened and intimidated by a male coworker, John Hutchinson;

f.  Refusing to discipline Hutchinson following the above-stated incident.

18.  Even if individually, each of the above acts would not be actionable, combined they constitute retaliatory harassment and created a hostile work environment.

19.  These instances of harassment were severe.

20.  These instances of harassment were pervasive.

21.  These instances of harassment altered the work environment so that any reasonable person in the Plaintiff's position would find the workplace hostile and intimidating.

22.  The harassment was because of the Plaintiff's participation in CEPA-protected activity.

23.  Any lawful reason the Defendants may offer for its decision to take adverse employment action against the Plaintiff, to the extent it exists, exists only in combination with the unlawful motives stated above, such that a mixed-motive theory would apply to the Plaintiff's claim.

24.  The Defendants are responsible for the harassment and hostile work environment, as members of upper management were aware of or participated in the harassment.

25.  The Defendants are responsible for the harassment because the Defendants delegated authority to those harassing parties who abused that authority.

26.  Because the decision to retaliate against the Plaintiff was meant to intentionally violate her rights, and because the conduct was undertaken by one or more members of upper management, punitive damages are warranted.

27.     Because the described conduct was intentional, malicious and/or undertaken with willful wanton disregard for the rights of Plaintiff and because members of Defendants' upper management team participated in and/or were willfully indifferent to the same, punitive damages are warranted.

28.     Plaintiff has been caused to suffer both economic and non-economic losses as a result of the retaliatory adverse employment action the Defendants took against her.

## COUNT I

### Violation of CEPA

29.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 28, as though fully set forth herein.

30.     For all the reasons set forth above, the Defendants are individually and/or jointly and severally responsible for violations of the Conscientious Employee Protection Act relative to the adverse employment action taken against the Plaintiff, and are answerable as to all damages set forth herein.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT II

### Request for Equitable Relief

31.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 30 as though fully set forth herein.

32.    Plaintiff requests an order of this Court directing the Defendants to refrain from any retaliatory terminations or adverse employment action against individuals who object to illegal conduct in the future.

33.    Plaintiff requests an order of this Court requiring the Defendants to develop and to deploy a policy prohibiting workplace retaliation.

34.    Plaintiff requests an order of this Court directing the Defendants to train upon said policy at least once per year for all employees, and to train all new employees in said policy.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

By:  __/s/ Samantha J. Leeds__
Samantha J. Leeds

Dated:  April 25, 2023

8

## DEMAND TO PRESERVE EVIDENCE

1.     All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.     Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By:   */s/ Samantha J. Leeds*
       **Samantha J. Leeds**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By:   */s/ Samantha J. Leeds*
       **Samantha J. Leeds**

## RULE 4:5-1 CERTIFICATION

1.      I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.      I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**


By:   _/s/ Samantha J. Leeds_
      **Samantha J. Leeds**


## DESIGNATION OF TRIAL COUNSEL

Samantha J. Leeds, Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**


By:   _/s/ Samantha J. Leeds_
      **Samantha J. Leeds**

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-002331-23**

Case Caption: PITTMAN LEANDREA  VS GARDA CL
ATLANTIC, I NC.

Case Initiation Date: 04/25/2023

Attorney Name: SAMANTHA JANE LEEDS

Firm Name: COSTELLO & MAINS LLC

Address: 18000 HORIZON WAY STE 800

MT LAUREL NJ 080544319

Phone: 8567279700

Name of Party: PLAINTIFF : PITTMAN, LEANDREA

Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE
PROTECTION ACT (CEPA)

Document Type: Complaint with Jury Demand

Jury Demand: YES - 6 JURORS

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same
transaction or occurrence)? NO

Does this case involve claims related to COVID-19? NO

Are sexual abuse claims alleged by: LEANDREA PITTMAN? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:


Do you or your client need any disability accommodations? NO
     If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
     If yes, for what language:


Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/25/2023
Dated

/s/ SAMANTHA JANE LEEDS
Signed

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK     NJ 08903-2633

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

DATE:  APRIL 25, 2023
RE:    PITTMAN LEANDREA  VS GARDA CL ATLANTIC, I NC.
DOCKET: MID L -002331 23

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON GARY K. WOLINETZ

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (732) 645-4300 EXT 88294.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

ATTENTION:

ATT: SAMANTHA J. LEEDS
COSTELLO & MAINS LLC
18000 HORIZON WAY
STE 800
MT LAUREL       NJ 08054-4319

ECOURTS

**COSTELLO & MAINS, LLC**
By: Samantha Leeds
Attorney I.D. No. 332202021
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
sleeds@costellomains.com
Attorneys for Plaintiff

| | |
|---|---|
| LEANDRA PITTMAN,<br><br>Plaintiff(s),<br><br>vs.<br><br>GARDA CL ATLANTIC, INC.;<br>ROLANDO HERNANDEZ; and JOHN<br>DOES 1-5 AND 6-10,<br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br><br>MIDDLESEX COUNTY - LAW<br>DIVISION<br>    CIVIL ACTION<br><br>DOCKET NO: MID-L-2331-23<br><br>**PLAINTIFF'S FIRST SET OF<br>INTERROGATORIES DIRECTED TO<br>DEFENDANTS** |

Kindly respond to the attached interrogatories and requests for production of documents within the time prescribed by Court Rule.

**COSTELLO & MAINS, LLC**

By:    */s/ Samantha J. Leeds*
        **Samantha J. Leeds**

DATED: May 4, 2023

## DEFINITIONS

Unless otherwise clearly indicated, the following words, as used herein, shall have the meaning shown:

1.    "Person" or "persons" means all individuals and entities, including without limitation individuals, representative persons, associations, companies, corporations, partnerships, estates, public agencies, departments, divisions, bureaus and boards.

2.    "Document" includes, without limitation, the original and each copy of each and any writing, email, entry on a social networking site (including, but not limited to, 'Twitter,' 'Facebook, and 'Myspace,' text message, data file, evidence of indebtedness, memorandum, letter, correspondence, telegram, note, minutes, contract, agreement, inter-office communication, bulletin, circular procedure, pamphlet, photograph, study, notice, summary, invoice, diagram, plan, drawing, diary, record, telephone message, chart, schedule, entry, print, representation, report and any tangible items or thing of written, readable, graphic, audible, or visual material, of any kind or character, whether handwritten, typed, Xeroxed, photographed, copied, microfilmed, microcarded, or transcribed by any means, including, without limitation, each interim as well as final draft.

3.    "Communication" means any and all written and non-written forms of expression or communication whether face-to-face, by telephone, in email, on or through a website, in text mail, in 'twitter,' 'Facebook,' 'Myspace' and similar social networking formats, in conference, by document, or otherwise.  "Oral communication" means every communication other than written communication.

4.    "Identify," when referring to a natural person, means to provide the following information:

    (a)    his/her full name and date of birth;

2

     (b)     present or last known address;

     (c)     the last date when such address was known or believed to be correct;

     (d)     his/her present or last known business affiliation, title and occupation;

     (e)     the extent to which, and the foundational information for, the claim that the person is part of the litigation control group, or is represented by any attorney or law firm representing any defendant.

5.     "Identify," when referring to a corporation, means to provide the corporation's full name, each state in which it is incorporated, and the address of its principal place of business, and to identify every person who owns or controls more than 10% of the common stock of such corporation and state the percentage of such stock he/she owns.

6.     "Identify," when referring to an entity other than a natural person or corporation (e.g., association, partnership, limited partnership, etc.) means to provide an official name or designation of each such entity and the address of its principal place of business, and to identify every person who owns more than 10% of the equity interests of such entity and to state the percentage interest of equity he/she owns.

7.     "Identify," when referring to any document, means to:

     (a)     state its date;

     (b)     state its name or title (if any);

     (c)     state the type of document (e.g., letter, memorandum, telegram, etc.);

     (d)     describe its general subject matter and contents;

     (e)     identify its author or originator and its addressee, if any, and all persons to whom copies of the document were to be or have been sent;

     (f)     identify its present location and custodial; and

     (g)     if the document is no longer in your possession, identify its last known

custodian, describe the circumstances under which it passed from your control to that person and identify each person having knowledge of such circumstances and/or the present location of the document.

8.  "Identify," when referring to an oral communication, means to:

    (a)    state the date and means of each oral communication;

    (b)    state the place where each oral communication occurred;

    (c)    identify each person participating in or listening to each oral communication;

    (d)    identify each person(s) present at the time of each oral communication;

    (e)    if the oral communication was by telephone;

        (1) identify the place where each person participating in the call was located at the time of the call;

        (2) state the telephone number of every telephone used by every participant in the call;

    (f)    summarize the substance of each oral communication; and

    (g)    identify every document that is a transcript of or otherwise sets forth, summarizes, relates, or refers to each oral communication.

9.  "Identify," when referring to any written communication, means to:

    (a)    identify each person making or receiving each written communication;

    (b)    identify each document that contains, sets forth, or constitutes or relates or refers to each written communication; and

    (c)    summarize the substance of each written communication.

10. The term "identify" as used herein in connection with an "act" means:

    (a)    state the date and place of the act;

(b)    state the person acting, the person for whom the act was performed, the person against whom the act was directed, and those present when the act was performed; and

(c)    describe in detail the act.

11.    "Defendant" means each and any of the defendants in this action, including every individual defendant, whether acting in his/her individual capacity or as agent for another, and every predecessor and successor in interest to every corporate defendant, and every director, officer, employee, and agent and any other representative acting on behalf of any defendant.

12.    "Plaintiff" means any and/or all plaintiffs in this action, and every director, officer, employee, and agent and any other representative acting on its behalf.

13.    "Relevant time period" means the period from one year prior to any event alleged in the Complaint filed herein to the date these interrogatories are answered.

14.    The word "act" as used herein includes acts of every kind and description.

15.    The word "complaint" as used herein refers to the complaint filed on behalf of plaintiff commencing the instant action or any amended complaint(s) filed thereafter.

16.    The conjunctions "and" and "or" as used herein shall be interpreted conjunctively and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any interrogatory.

17.    The word "date" as used herein means the exact day, month and year, if ascertainable, or, if not, your best approximation thereof.

18.    The word "describe" as used herein means to state the date and identify the persons involved in the transaction, communication, event or occurrence in question, and to state the nature and subject matter of the transaction, communication, event or occurrence in question.

19.    The term "describe in detail" as used herein means:

     (a)     describe fully any reference to underlying facts, if possible, rather than just by ultimate facts or conclusions of fact or law; and

     (b)     particularize as to:

          (1)     time;

          (2)     place; and

          (3)     manner.

20.     As used herein, any reference to any corporate entity shall be deemed to include that corporate entity or any predecessor, successor or affiliated corporate entity.

21.     As used herein, the term "advice" shall mean any demand, suggestion, opinion, indication or requirement that any person(s), partnership, corporation, or other entity take any action or refrain from taking any action.

22.     The terms "identify" or "describe" as used herein in connection with the term "advice" means:

     (a)     state the date and place the advice was given;

     (b)     state to whom the advice was given, by whom the advice was given and all persons present when the advice was given;

     (c)     the substance of the advice, recalling the exact words to the extent possible;

     (d)     if the advice was wholly or partly comprised of oral communications, or resulted in any oral communications, identify all such communication;

     (e)     if the advice was wholly or partly written or reduced to writing, or resulted in the production of any written documents, identify all said documents or documents where said advice was written or in which said advice was reduced to writing.

23.    The terms "agreement" and "contract" as used herein shall be interchangeable and shall both be construed to have their broadest meaning.  The terms "identify" as used herein in connection with an "agreement" means:

(a)    if the agreement is claimed to have been express and in writing, so state: and

(1)    identify the documents alleged to comprise the agreement;

(2)    identify the persons who were parties to the agreement, and in the case of a person or persons other than an individual, furnish the name and address of the individual purporting to act for such person or persons; and

(3)    set forth the subject matter of the agreement.

(b)    if the agreement is claimed to have been express or oral, so state, and

(1)    furnish the date and place of each conversation comprising the agreement;

(2)    furnish the name and address of the individual engaging in each conversation, the date and place of which is furnished in the answer to (1) hereof;

(3)    identify the person for whom each individual listed in (2) hereof is alleged to have acted; and

(4)    set forth the substance of the agreement.

(c)    if the agreement is claimed to have been express and partly in writing and partly oral, so state; and

(1)    as to the written part, furnish the information requested in 23(a) hereof; and

7

(2)    as to the oral part, furnish the information requested in 23(b) hereof;

(d)    if the agreement is claimed to be implied from acts, so state; and

(1)    identify each act-giving rise to the inference of an implied agreement.

(e)    if the agreement is claimed partly to be implied from acts and partly to have been in writing, so state; and

(1)    as to the implied part, furnish the information requested in 23(d) hereof; and

(2)    as to the written part, furnish the information requested in 23(a) hereof.

(f)    if the agreement is claimed partly to be implied from acts and partly to have been oral, so state; and

(1)    as to the implied part, furnish the information requested in 23(b) hereof; and

(2)    as to the oral part, furnish the information requested in 23(b) hereof.

(g)    if the agreement is claimed partly to have been implied from acts, partly to have been in writing, and partly to have been oral, so state; and

(1)    as to the implied part, furnish the information requested in 23(d) hereof;

(2)    as to the written part, furnish the information requested in 23(b) hereof; and

(3)    as to the oral part, furnish the information requested in 23(b)

8

hereof.

24.     As used herein, the terms "defendant," "you," "your" or "yourself" refer to the answering defendant or any agent or employee of the answering defendant.

25.     As used herein, "state the basis" or "state the manner" means to describe fully all of the facts which you believe support your position or contention, to identify each factor considered by you when arriving at such position or contention, and to state why each such factor was (or was not) relied upon by you in arriving at such position or contention.

26.     As used herein, the term "employee" shall include an agent, director, officer, or any person who performs services for remuneration for any person, partnership or corporation.

27.     As used herein, "including" is defined to mean "including but not limited to."

## INSTRUCTIONS

1.      All answers should be based upon all information available to the answering party, including its agents, within the meaning of R.4:17-4.

2.      All answers should be supplemented or amended in accordance with the requirements of R. 4:17-7.

3.      If any information or document is omitted or withheld from an answer by reason of a claim of privilege, the answer should describe such information or document with sufficient specificity to establish the basis of the privilege and should state all factual and legal bases for the allegation that such information or document is privileged.

4.      Unless otherwise clearly specified, all interrogatories refer to the relevant time period as defined above.  If an answer varies during the relevant time period, all the various answers for the relevant time period should be given, with a specification of the portion of the relevant time period to which each such answer applies.

## INTERROGATORIES

1.    Set forth a complete job history of each plaintiff, setting forth dates of hire and/or separation, promotion, job title change, job description change, benefits change and/or compensation change.  Also include any and all documentation and factual information relating to bonus items or income during employment.

2.    'Identify' each person who has knowledge or relevant information concerning:

    (a)    any claim of the plaintiff(s);

    (b)    any defense offered in the answer;

    (c)    any fact relating to plaintiff's/plaintiffs' personal life, personal activities, personal relationships or work relationships, internet activities, hobbies or interests;

    (d)    any fact or information relating to plaintiff's/plaintiffs' medical information.  Set forth a summary of the factual information you believe the person possesses;

    (e)    the reason plaintiff(s) is/are no longer employed by defendant, if that be the case, as well as the communications, decisions and deliberations concerning the plaintiffs'/plaintiff's separation from employment.

    For purposes of this interrogatory, by "identify" we request that you observe the Instructions given heretofore, and that you also provide: supply that person's employment relationship to you, including date of hire and/or separation, if applicable, job title held, the person's addresses (residential and business), cell phone numbers, home numbers, work numbers, social security numbers and dates of birth, if you know them, and how the person came to possess the information requested in this interrogatory.

    If you contend that any individual identified in response to this interrogatory is a member of the "litigation control group" of the answering party—as defined by RPC 1.13(a), and as defined in *Michaels v. Woodland*, 988 F.Supp. 468, 472 (D.N.J. 1997)—and/or is so closely associated with the answering party that it, for legal purposes, *is* the answering party, his/her contact information need not be supplied.  Instead, you may state that the person may be contacted through counsel for the answering party and state whether or not answering counsel will supply that person for deposition pursuant to a notice to take deposition.

3.    For each individual identified in response to interrogatory number 2 above, set forth in detail the knowledge or information that you believe he/she possesses.

4.    For each plaintiff who is no longer employed by your company:

    (a)    set forth when and how the employment relationship ended;

(b)    identify each person who participated in the decision to end the relationship, setting forth the nature and extent of his/her involvement in the determination and/or execution or enforcement of the decision; and

(c)    set forth any and all facts or knowledge pertinent to the separation of plaintiff from answering defendant's employment.

5.    If you are aware of any information that you contend was false or misleading in the application materials or application or hiring process for any plaintiff, identify and attach all documents relating to same and supply a complete factual recitation of the information.

6.    For each plaintiff that you contend did his/her job in a less than satisfactory manner, committed an act of misconduct or negligence associated with his/her job, or performed his/her job in a manner necessitating any formal or informal discipline, set forth in complete factual detail all such facts and information relating to that contention, and identify each person who possesses knowledge of each such fact or information.

7.    Has the answering defendant ever been named in any administrative complaint in the New Jersey Division of Civil Rights (or any other state civil rights agency), in the EEOC, or in any state court or any federal court in which it was alleged that the answering defendant violated any of the statutes or doctrines set forth in plaintiff's complaint in this action, during the seven (7) year period preceding the filing of this action?  If so, set forth for each such action and/or lawsuit:

(a)    the docket, claim or tracking number assigned to the matter;

(b)    the name of any attorney representing any plaintiff and/or complaining party;

(c)    the current status of the matter;

(d)    the allegations contained in the complaint;

(e)    whether it was resolved, the manner and date of resolution; and

(f)    identify and attach all documents relating to same.

An action or complaint should be included in this response if it was still in progress on any day within seven (7) years of the filing date of plaintiff's complaint even if it was filed more remotely than (7) years prior to the filing date of plaintiff's complaint.

By "statutes or doctrines in plaintiff's complaint," this question seeks information which pertains to claims which are, legally, substantially similar in nature to those presented by each plaintiff in this action.  Where a statute allows for more than one type of theory, e.g., the New Jersey Law Against Discrimination or Title VII of the Civil Rights Act, the question pertains to the specific theory(ies) advanced by plaintiff, i.e., sex, race, age, disability, etc.

12

8.  For each person identified in plaintiff's complaint as having committed, ratified, ignored complaint of, participated in or incited an illegal act, 'identify' that person by supplying his/her full name, date of birth, addresses, phone numbers, present employment status and identify and attach a complete copy of that person's disciplinary file.

9.  State whether or not the answering defendant has any insurance which may cover any part or all of the loss attributable to any theory or claim that plaintiff has advanced. If so, set forth the agency, the policy number and any claims numbers attendant to any claim the plaintiff has advanced. Identify and attach any declarations or other coverage documents, as well as any letters or reservation of rights or any other correspondence concerning the invocation of the policy and/or a response to said invocation.

10.  Identify and attach any documents relating to any statements, summaries of notes of conversations regarding statements, or other information which pertains in any way to any communication with nonparties concerning the facts alleged in plaintiff's complaint or any defense.

11.  For each individual with whom any servant, agent, employee or representative of answering defendant has had communication regarding the plaintiff after plaintiff's employment ended, identify the individuals concerned on both ends of the communication, including names, addresses and telephone numbers, present relationship to defendant, and set forth in detail the nature and extent of the communication, why it occurred, when it occurred, how it occurred and the substance of each communication.

12.  Identify and attach any information possessed by the defendant or any servant, agent or employee of the defendant, including counsel, concerning or representing any virtual, web-based or social networking site (including, but not limited to, Twitter, Facebook and Myspace) in which plaintiff took part, made one or more entries or postings, or which is in any way attributable to the plaintiff.

13.  For each defendant, whether a corporation or entity or an individual, and for each individual identified in the complaint, identify each and every social networking site participated in by said person or entity for any portion of the three-year period up to and including the filing date of plaintiff's complaint and up to and including the present. Your answer should include the "public" or online identity for social networking sites, such as Facebook, Myspace, Friendster, Twitter, linkedin.com, match.com, e-Harmony.com, classmates.com and any similar social networking sites. Identify the site and the public identity that you use. **You are directed to preserve and protect all content on same that you have posted and/or that others have posted and not to delete, alter or erase any of said material. Notice to your attorney through this interrogatory is construed as notice to you, and we call upon your attorney to advise you immediately of same.**

14.  Have you retained an expert witness as to any issue in this case for the purpose of giving testimony at trial? If so, provide the expert's name and area of putative expertise, attach his/her CV and any report from said expert.

15.  Please identify the proper and full name of the corporate employer of plaintiff and/or each and every plaintiff in this matter. Provide its address, the address out of which

plaintiff was employed if different and provide detailed information about its relationship to any and all other known defendants.

     16.    In the event that there is a claimed discharge in this matter, list each and every position which plaintiff should have:

          (a)    Applied for after their employment relationship ended with defendants;

          (b)    For which the plaintiff was qualified but did not apply;

          (c)    For each position listed in A and B, list all pertinent information about the position, including, but not limited to, the company or employer name, the specific position or positions of said company, why you believe the plaintiff was qualified, what information you have that the plaintiff did not apply, what information you have indicating why the plaintiff did not apply, any other information that you believe mitigated against plaintiff obtaining the position, whether plaintiff applied or not.

     17.    Set forth the name, address, job title (if any), Social Security number, date of birth and driver's license identification number of any and all parties to this case and of any and all individuals contributing to the answers to these interrogatories.

     18.    If defendant is a business, set forth the names of any and all businesses of which the defendant either owns an interest of stock or which own an interest of stock of the defendant.

     19.    Attach the profit and loss statements and/or corporate or business tax returns with all schedules and attachments of the defendant for the last five (5) years.

     20.    Set forth the name and address of any and all tax preparers, accounting firms, financial planners, financial advisors, or other financial professionals with whom the defendant has consulted in the last five years and if a business name was given, give the particular names of the individuals at that business with whom the defendant has dealt, individually.

     21.    For any individual defendants, attach and include personal tax returns and/or joint tax returns if the individual is married, for the last five (5) years, along with all schedules and attachments.

     22.    If an individual, set forth your current weekly gross salary and state whether or not there are any current liens or wage executions on your salary.

     23.    If you are an individual and you owe either child support or alimony payments currently, identify the Court and docket number which generated the obligation.

     24.    If you owe back child support or alimony or you are in arrears, state the amount that you are in arrears.

     25.    Set forth detailed information for each of the following and attach the last two receipts or cancelled checks for each of the following obligations:

(a)    Mortgage or rent payments;

(b)    Car payments;

(c)    Personal loans;

(d)    Credit card payments (all);

(e)    Business loans, if personally paid;

(f)    Arrears tax payments;

(g)    Arrears child support or alimony payments;

(h)    Any other fixed financial obligation other than a utility payment.

26.    Set forth each and every source of funds that you regularly receive either monthly, quarterly, semi-annually or annually, including but not limited to annuities, social security benefits, disability benefits, welfare benefits, stock dividends, investment returns, structured personal injury settlements, subsidies, whether personal or governmental, wages, commissions, salary, bonuses, advances, misc. income, etc. Identify and attach transmission documents for the last four of each type of responsive payment or income.

27.    Set forth each and every tangible asset that is owned by the individual or business and set forth the information requested below. These tangible assets specifically include but are not limited to jewelry, furs, collectibles, crystal, valuable collections (comic books, statuettes, dolls, stamps, coins, baseball cards, memorabilia, etc.), real estate, boats, automobiles, motorcycles, aircraft, other water craft, antiques, artwork, etc.

(a)    When it was acquired;

(b)    If anyone else owns it jointly or in common;

(c)    Its last appraised value, if known;

(d)    If any money is owed by you to maintain ownership or whether the ownership is now fee simple.

28.    Set forth any judgments entered against you, the date they were entered, the docket number for the judgment, the creditor and the amount of the judgment.

29.    Set forth detailed information regarding any stocks, bonds, business interests, business assets, security instruments, notes or mortgages that are held by you and their current worth or the amount that is owed.

30.     Specify the gross income and net worth of the defendants for each year for the last five years and including year to date.  Attach all annual reports and tax returns for the defendants, as well as all profit and loss statements for each of the last five years.  Attach also a list of all monetary and physical assets owned by the defendants and whether or not they are encumbered and to what degree.

31.     If you are a public entity, and you have objected, in whole or in part, by reason of inapplicability, to any of the preceding fourteen questions, please provide the following information:

(a)     Please attach any profit and loss and/or annual budget statements for the entity, along with any tax returns for the entity, for the past five years;

(b)     Please set forth the name and address of any and all tax preparers, accounting firms, financial planners, financial advisors and financial professionals with whom the defendant public entity has consulted in the last five years and if a business name is given, give the particular names of the individuals at that business with whom the entity has dealt, individually;

(c)     Please provide the source of all funding provided to the entity on an annual basis, including any funding which is on a greater than annual or less than annual basis, such as monthly, and disclose the particular source of the funding and the amounts of the funding, by period, for the last five years;

(d)     Attach any documents verifying the description, address and current market value of any real property owned in whole or in part by the entity;

(e)     Set forth any judgments entered against the entity, the date they were entered, the docket number for the judgment, the creditor and the amount of the judgment.

32.     Set forth each complaint by plaintiff and/or by any other person (to the extent that such complaint referred to, involved, or was on behalf of plaintiff) alleging any discriminatory, retaliatory or harassing act(s).  For each such complaint:

(a)     state whether the complaint was made orally or in writing;

(b)     identify and attach any documents relating to it;

(c)     set forth how the complaint was received, when and by whom.

To the extent that any investigation or follow up took place as a result of any complaint responsive to this interrogatory, set forth how much time passed between the receipt of the/each complaint and the start of the investigation or other response.  To the extent any investigation took place, set forth how long the investigation took place and how the plaintiff was made aware of the results of said investigation, by whom and in what format.  Identify and attach any documents relating to said investigation(s).

33.    Set forth the name of each person who conducted, was interviewed by, participated in and/or reviewed materials pertinent to, any investigation conducted by answering defendant as a result of any complaint made by plaintiff, in which plaintiff alleged any wrongful act identified in the allegations of plaintiff's complaint in this action.  For each individual identified:

(a)    set forth in complete factual detail the extent and nature of the participation of each such individual;

(b)    each individual's relationship to the answering defendant;

(c)    whether each individual is a member of the defendant's litigation control group and if defense counsel will produce each individual by notice of deposition;

(d)    for every individual who will not be produced by notice of deposition, set forth his/her date of birth, residence address, business address and all known telephone numbers;

(e)    set forth the training and education of the individual, to the extent that the individual  conducted and/or managed and/or supervised any investigation, on how to conduct/manage/supervise such investigation;

(f)    identify and attach any and all documents referring or relating to any investigations identified and/or discussed in the answer to this interrogatory;

(g)    identify and attach any and all documents referring or relating to the training or education referenced in response to sub-part (e) above; and

(h)    identify and attach any and all documents referring or relating to the process and procedure by which the individual conducted/managed/supervised said investigation(s), and;

34.    To the extent that any investigation was conducted in connection with, relating to or referencing any complaint the plaintiff identifies in his or her complaint in this action, set forth the results of the investigation and identify and attach any documents relating to same.  To the extent that anyone was disciplined, formally or informally, provide full factual information relating to same.

35.    State the expert's name, practice address, home address, date of birth and attach a copy of his or her most recent curriculum vitae or resume.

36.    Supply a list of each and every matter in which the expert has authored an expert report in the last five years, include the following information for each matter.

(a)    The case name and docket number, County of venue if applicable, or claim number, administrative file number (for example, DCR or EEOC) if not filed in Superior or Federal Court;

17

     (b)     The name and business addresses of all counsel involved in the matter;

     (c)     For whom the expert authored the report, plaintiff or defendant, and if more than one plaintiff or defendant was involved in the case, state which;

     (d)     Attach a copy of that report.

37.     Set forth a list of each matter in which the expert has provided deposition testimony in the last five years. Include the following:

     (a)     The case name and docket number, County of venue if applicable, or claim number, administrative file number (for example, DCR or EEOC) if not filed in Superior or Federal Court;

     (b)     The name and business addresses of all counsel involved in the matter;

     (c)     For whom he or she authored the report, plaintiff or defendant, and if more than one plaintiff or defendant was involved in the case, state which.

38.     Set forth a list of each matter in which the expert has provided trial testimony in the last five years. Include the following:

     (a)     The case name and docket number, County of venue if applicable, or claim number, administrative file number (for example, DCR or EEOC) if not filed in Superior or Federal Court;

     (b)     The name and business addresses of all counsel involved in the matter;

     (c)     For whom you authored the report, plaintiff or defendant, and if more than one plaintiff or defendant was involved in the case, state which.

39.     Set forth a breakdown of income derived from expert witness work in the last five years as follows:

     (a)     The amount received by either the answering witness or the answering witness' business if witness' income is not divisible from the income of the business, to the extent that such amounts were received from parties, their attorneys, insurance companies or other agents for the purpose of authoring expert reports for each year in the last five years;

     (b)     The amount received by the answering expert and/or their business if the expert's income is not divisible from the business from parties, their attorneys, insurance companies or other agents for the purpose of deposition testimony in the last five years;

     (c)     The amount received by the answering expert and/or their business if the expert's income is not divisible from the parties, their attorneys, insurance companies or other agents for the purpose of in-court, videotaped or live testimony in the last ten years;

(d)     Attach a true and correct copy of all schedules and/or tax returns substantiating the income derived from expert witness work in the last ten years.

40.     Set forth in percentages the approximate number of occasions that the expert has served in the capacity of an expert for plaintiff and in the capacity of an expert for defendant for the last ten years.

41.     Set forth for each publication authored or co-authored in the last twenty years;

(a)     The publication, issue number, year, edition or volume in which the article appears;

(b)     The names of any co-authors applicable;

(c)     The subject area concerned with the authored pieces via description of the authored piece (i.e., chapter in a treatise, article in a journal, etc.)

42.     Set forth in detail any professional standards, charts, laws, regulations, ordinances, statutes or other authorities upon which you rely in whole or in part in rendering your opinions.  Set forth each in detail, citing its source.

43.     Identify and attach each anti-discrimination, anti-retaliation, equal employment, anti-harassment and/or CEPA/Whistleblower policy maintained by the defendant in the seven (7) year period prior to the filing date of plaintiff's complaint in this action.  Set forth in complete detail how, where, and in what form, and how often, the policy has been distributed to employees and/or posted for the benefit of employees.  For any and all event(s), lecture(s), meeting(s), presentation(s) or training event(s) during the seven (7) year period prior to the filing of the complaint in this action at which each such policy was discussed, either at the employer's place of business or another location, set forth complete factual information regarding each such event.  To the extent that, during this period, any responsive policy has been altered, amended or changed, set forth each version, and why the change took place.

44.     Please designate one or, if necessary, more than one representative of your company by name and job title who is in the best position to discuss and testify at deposition about your company's electronic data storage practices.

45.     State whether or not any electronic data has been erased or deleted respecting the plaintiff in this lawsuit, the plaintiff's claim, the plaintiff's employment, the plaintiff's contractual interactions with you or any other information relating to the plaintiff or the plaintiff's claim since you became aware of the intention of the plaintiff to make a claim (either having received a letter from the plaintiff stating such claim, having received a letter from counsel stating such claim, having received word that charges had been filed with a state or federal agency, a regulatory body or that suit had been filed in a Court of law).

19

46.    If the last Interrogatory is in the affirmative, specify exactly what data has been erased, deleted or altered from what electronic medium the data was deleted, altered and/or erased. On what date(s) these changes took place and the reason for these changes.

47.    Does your company maintain a written standard operating procedure or policy for the purposes of data retention of any kind? If so, identify each and every document, its date of creation, how many pages, who maintains custody and control of the document and include a copy of each such document to your Answers to these Interrogatories.

48.    Does your company store its data in an owned mainframe? If so, identify the make and model of the mainframe, year of purchase, the name of the in-house technical person and/or outside IT companies that have serviced or maintained it for the past five years and state its present location.

49.    State the licensed name of the program, the year of purchase and the number of users for any and all internal intra company e-mail programs your company operates.

50.    Does your company maintain access via Internet outside the company's intra-net? If so, specify each and every company that has provided such access for the past five years and describe the nature of the connection for each such company (ISDN, DIAL, TCP/IP, cable internet, etc.).

51.    State how often data stored on any mainframe or on servers by your company is backed up and by what mechanism and the date it is backed up.

52.    You are directed to acknowledge that you understand that pursuant to discovery rules you are not to destroy, delete and/or erase any electronic data (e-data) pertaining to the plaintiff in any way. If you do so after the date of this notice, you are on notice that it will be the plaintiff's intention to seek sanctions against you.

53.    When you are asked to produce any "document" or thing in an electronic format or in media storage, you are guided by the following instructions.

(a)    Provide all HASH and MD5 information and "METADATA" data in all laptops, blackberries, PDAs, cell phones and other computing and/or media devices. Also include all phone drives, the recycle bin of all applicable computing devices, spool files, all "index.data" files, car computers and text messages.

(b)    Do not "print" data, then scan the data and then supply that scanned printed version, as it may destroy MD5 or HASH information.

(c)    Please provide METADATA with links and where possible, provide it in a load file format (i.e., .dat, .log, et cetera).

54.    Please explain in as much detail as possible the manner in which the Plaintiff was compensated during the time period Plaintiff worked for Defendant. This should include any and all salary and wages Plaintiff earned, the amount of the salary and wages, plus any and all

commissions, bonuses, overtime, or any other income or compensation Plaintiff earned during
the time period she worked for the Defendant. This should also include any and all benefits
Plaintiff received during the time she worked for the Defendant, including, but not limited to,
healthcare, retirement or fringe benefits, and the value of any and all benefits Plaintiff received.
By "value," Plaintiff is referring to any amount of money the Defendant contributed to any
benefits and the amount of money Plaintiff contributed to any benefits. Please attach any and all
documents which relate in any way to any and all compensation, wages or benefits Plaintiff
received during the time she worked for the Defendant. This includes, but is not limited to, any
and all timecards, W-2s, paychecks, 1099s, or any documents that relate in any way to the
compensation Plaintiff earned during the time she worked for the Defendant.

55.     Please describe, set forth in detail and provide any documentation where
available, any communications Plaintiff had with the Defendants, any employee of the
Defendant, any member of upper management, or any agent of the Defendant, regarding
Plaintiff's concerns related to safety. This includes but is not limited to any communication
related to any fatal vehicle accident involving employees of the Defendant, any concerns related
to the employer's enforcement of policies against use of text messaging or cellular devices by
employees while operating vehicles, any concerns related to Defendant's failure to enforce
policies against use of handheld cellular devices while operating vehicles, any concerns that
Plaintiff expressed regarding Defendant allowing employees to remain on the clock while under
the influence of alcohol or within 24 hours of being under the influence of alcohol. Please
provide any communications between the Plaintiff and the Defendant, any of the Defendant's
employees or agents regarding the Defendant's failure to enforce policies against driving while
tired, exhausted, fatigued, or with otherwise compromised alertness. Please indicate if any
investigation was performed by the Defendant's, its agents, or employees into any of these above
stated matters. If so, please indicate the date, time, and place of the investigation, each party to
the investigation, their job title for the Defendants, their role in the investigation, the procedure
used to perform the investigation, any findings of the investigation, and any actions taken as a
result of the investigation. Please provide documentation of the investigation and its conclusions
where available, this included any written or oral communications regarding the investigation by
or between those investigating. For any oral communication, please indicate in writing, the time,
date, and place of the communication, each party to the communication, and each statement
made by each party to the communication. If no action was taken, please explain why no action
was taken.

56.     Please provide any communication by or between Plaintiff and Defendants and/or
Defendants' employees or agents regarding racial discrimination, including, but not limited to,
racial discrimination by Victoria Labriola. Communication and documents should include, but is
not limited to text messages, e-mails, statement forms completed by the Plaintiff, as well as any
documentation of any oral communications. For each oral communication please name each
party to the communication, the date and time of the communication and each statement made by
each party to the communication. Please indicate if any investigation was performed by the
Defendant's, its agents, or employees into any of these above stated matters. If so, please
indicate the date, time, and place of the investigation, each party to the investigation, their job
title for the Defendants, their role in the investigation, the procedure used to perform the
investigation, any findings of the investigation, and any actions taken as a result of the
investigation. Please provide documentation of the investigation and its conclusions where

available, this included any written or oral communications regarding the investigation by or between those investigating. For any oral communication, please indicate in writing, the time, date, and place of the communication, each party to the communication, and each statement made by each party to the communication. If no action was taken, please explain way no action was taken.

57.     Please provide any Employee Statement forms completed and/ or submitted to the Defendants, their employees, or agents. Please indicate if any investigation was performed by the Defendant's, its agents, or employees as a result of these Employee Statement forms. If so, please indicate the date, time, and place of the investigation, each party to the investigation, their job title for the Defendants, their role in the investigation, the procedure used to perform the investigation, any findings of the investigation, and any actions taken as a result of the investigation. Please provide documentation of the investigation and its conclusions where available, this included any written or oral communications regarding the investigation by or between those investigating. For any oral communication, please indicate in writing, the time, date, and place of the communication, each party to the communication, and each statement made by each party to the communication. If no action was taken, please explain why no action was taken.

58.     Please explain and set forth in detail, providing documentation where available, any reports or communication, written or otherwise, made by Plaintiff to Defendant, its employees or agents of "hostile work environment." Please indicate if any investigation was performed by the Defendant's, its agents, or employees which occurred as a result of, or related to these reports. If so, please indicate the date, time, and place of the investigation, each party to the investigation, their job title for the Defendants, their role in the investigation, the procedure used to perform the investigation, any findings of the investigation, and any actions taken as a result of the investigation. Please provide documentation of the investigation and its conclusions where available, this included any written or oral communications regarding the investigation by or between those investigating. For any oral communication, please indicate in writing, the time, date, and place of the communication, each party to the communication, and each statement made by each party to the communication. If no action was taken, please explain why not.

59.     Please provide and set forth in detail any communications by or between the Defendants and the Plaintiff regarding the Plaintiff's interactions with John Hutchinson.  Please indicate if any investigation was performed by the Defendant's, its agents, or employees as a result of, or in relation to, interactions between the Plaintiff and John Huchinson. If so, please indicate the date, time, and place of the investigation, each party to the investigation, their job title for the Defendants, their role in the investigation, the procedure used to perform the investigation, any findings of the investigation, and any actions taken as a result of the investigation. Please provide documentation of the investigation and its conclusions where available, this included any written or oral communications regarding the investigation by or between those investigating. For any oral communication, please indicate in writing, the time, date, and place of the communication, each party to the communication, and each statement made by each party to the communication. If no action was taken, please indicate why not.

60.     Please provide and set forth in detail any communications by or between the Defendants and the Plaintiff regarding the Plaintiff's interactions with Jose Perez.  Please

indicate if any investigation was performed by the Defendant's, its agents, or employees as a result of, or in relation to, interactions between the Plaintiff and Jose Perez. If so, please indicate the date, time, and place of the investigation, each party to the investigation, their job title for the Defendants, their role in the investigation, the procedure used to perform the investigation, any findings of the investigation, and any actions taken as a result of the investigation. Please provide documentation of the investigation and its conclusions where available, this included any written or oral communications regarding the investigation by or between those investigating. For any oral communication, please indicate in writing, the time, date, and place of the communication, each party to the communication, and each statement made by each party to the communication. If no action was taken, please indicate why not.

61.    Please provide and set forth in detail any communications by or between the Defendants and the Plaintiff regarding the Plaintiff's interactions with Miguel Romero. Please indicate if any investigation was performed by the Defendant's, its agents, or employees as a result of, or in relation to, interactions between the Plaintiff and Miguel Romero. If so, please indicate the date, time, and place of the investigation, each party to the investigation, their job title for the Defendants, their role in the investigation, the procedure used to perform the investigation, any findings of the investigation, and any actions taken as a result of the investigation. Please provide documentation of the investigation and its conclusions where available, this included any written or oral communications regarding the investigation by or between those investigating. For any oral communication, please indicate in writing, the time, date, and place of the communication, each party to the communication, and each statement made by each party to the communication. If no action was taken, please indicate why not.

62.    Please provide any and all security camera footage which contains the Plaintiffs image, which was recorded between August 10 and August 20 of 2022.

63.    Please provide any and all communication, written or otherwise, by or to Mike Cantu regarding the Plaintiff and/or any concerns she raised during her employment. For all oral communications, state in writing, the date, time, and place of the communication, each party to the communication, and each statement made by each party.

64.    Please provide any and all communication, written or otherwise, by or to Rolando Hernandez regarding the Plaintiff and/or any concerns she raised during her employment. For all oral communications, state in writing, the date, time, and place of the communication, each party to the communication, and each statement made by each party.

65.    Please provide the full legal names of any individual named in Plaintiff's Complaint. Please provide any and all documentation or communication regarding disciplinary action of any person named in the Complaint in relation to an interaction with the Plaintiff.

## **CERTIFICATION**

I certify that the foregoing statements made by me are true.  I am aware that I am subject to punishment by law for any statements made by me that are willfully false.

I further certify that all copies of reports, documents and other tangible items which are attached to these Interrogatories are true copies of said reports.  I certify that I do not know of the existence of any other reports.  I further certify that I will immediately serve upon the propounding attorney copies of any requested reports, documents and other tangible items of evidence which become known to me, but in no case later than twenty days prior to the first date fixed for trial.

_____
Signature

_____
Printed Name

**COSTELLO & MAINS, LLC**
By: Samantha Leeds
Attorney I.D. No. 332202021
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
sleeds@costellomains.com
Attorneys for Plaintiff

| | |
|---|---|
| LEANDRA PITTMAN, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff(s), | MIDDLESEX COUNTY - LAW DIVISION |
| vs. | CIVIL ACTION |
| GARDA CL ATLANTIC, INC.; ROLANDO HERNANDEZ; and JOHN DOES 1-5 AND 6-10, | DOCKET NO: MID-L-2331-23 |
| Defendant(s). | **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

     **PLEASE TAKE NOTICE** that Plaintiff(s) demands, pursuant to Rule 4:18-1, that Defendant(s) produce for inspection and copying within thirty (30) days after service of this request at Costello & Mains, LLC, 18000 Horizon Way, Suite 800, Mt. Laurel, NJ, 08054, the following:

     NOTE: "Employment" should be read to include status as an alleged independent contractor, in which case each question relates to that relationship.

     1.     Any and all documents reflecting, referring to, relating to or supporting each denial in Defendant's Answer.

     2.     Any and all documents reflecting, referring to, relating to or supporting each affirmative or separate defense in Defendant's Answer.

3.     Any and all documents reflecting, referring to, relating to or supporting each and every Crossclaim in Defendant's Answer.

4.     Any and all documents reflecting, referring to, relating to or supporting each and every Counterclaim in Defendant's Answer.

5.     Any and all documents reflecting, referring to, relating to or supporting each and every Third Party Complaint Defendant has filed.

6.     Any and all documents referred to or relied upon by you in the preparation of any Answers to Interrogatories.

7.     Any and all documents referred to or relied upon by you in the preparation of any Responses to Request for Production of Documents.

8.     Any and all documents, including but not limited to letters, notes, correspondence, electronic mail, policies, media data storage, electronic data storage, manuals, memoranda, complaints, grievances, reviews, warning letters, disciplinary documents or any other documents that relate to any  employment or independent contractor relationship between any party or parties in this matter.

9.     Any and all documents, including but not limited to letters, notes, correspondence, electronic mail, policies, media data storage, electronic data storage, manuals, memoranda, complaints, grievances, reviews, warning letters, disciplinary documents or any other documents that relate to any termination of plaintiff.

10.     Any and all documents, including but not limited to letters, notes, correspondence, electronic mail, policies, media data storage, electronic data storage, manuals, memoranda, complaints, grievances, reviews, warning letters, disciplinary documents or any

other documents that relate to any change in plaintiff's job title, job status and/or responsibilities at any time while employed by any party to this suit.

11. Any and all documents, including but not limited to letters, notes, correspondence, electronic mail, policies, media data storage, electronic data storage, manuals, memoranda, complaints, grievances, reviews, warning letters, disciplinary documents or any other documents that relate to any discipline, whether formal or informal, whether oral or written, of the plaintiff at any time during his or her employment or contractor relationship.

12. Any and all documents which purport to represent job application materials pertaining in any way to the Plaintiff for employment or contractor relationship at Answering Defendant's company or at any other past or present employer of which the defense or any servant or agent or employer of the Defendant has awareness of knowledge.

13. Any and all documents reflecting, referring to, relating to or supporting communications, whether oral or written, between Plaintiff and any current or former employee, agent, servant or representative of the Defendant.

14. Any and all documents referring or relating to any grievance or complaint, formal or informal, internal or external filed by the Plaintiff during Plaintiff's employment or during Plaintiff's independent contractor relationship with the Defendant.

15. Any and all copies of all audiotapes, videotapes, recordings or other media devices that involve, pertain to, depict in any form or feature the Plaintiff or any individual named in the Complaint or any individual referred to by position or description in the Complaint or any individual identified in discovery by any party, and provide any and all notes or transcriptions of any such audio/video or other recording. NOTE: that audio/video also includes DVD, CD and other multimedia expressions, which capture a video image.

16.    Copies of all audiotapes, videotapes or other multimedia or other recordings that relate to or support any of the allegations, claims, denials or defenses in the Answer.

17.    Any and all documents, including any notes, correspondence or other documents which relate in any way to any measure of damages claimed by the Plaintiff.

18.    Any and all documents concerning plaintiff's promotions, transfers, positions, demotions, reviews or other changes in assignments with the Defendant.

19.    Any and all job descriptions, which pertain in any way to any position, held by the Plaintiff and/or which pertain to any position held by an individual named or described in the Complaint.

20.    Any and all documents concerning any counseling, warnings, disciplinary actions or other adverse employment actions involving the Plaintiff during his/her employment or his/her independent contractor relationship with the Defendant.

21.    Any and all EEO1 statements in which the company has participated filing, which the company has filed, or of which the company has become aware, for the seven year period prior to filing of Plaintiff's Complaint.

22.    Any and all documents including complaints, attorney correspondence, answers, official documents, pleadings, discovery, notices of claim, etc. which pertain in any way to any claim (defined as an administrative claim in the Division on Civil Rights or the EEOC or any other state agency or a lawsuit filed in any court) made against the Defendant during the seven years prior to the filing of Plaintiff's Complaint or against any then existing employee of the Defendant during the same period.  Include a response only for claims or suits which allege the same or similar theories as have been alleged by the Plaintiff in his or her Complaint.

23.    The "redacted" (see definition of redacted below) employment file for any individual aside from Plaintiff who is named in the Complaint by name or whose position or identity was described by the Plaintiff in the Complaint as having perpetrated, having been aware of, or who is alleged to have aided or abetted any wrongful act alleged by plaintiff. NOTE: the term "redacted" involves a removal of *all medical and financial information* relating to such persons. Responsive documents should include, but not be limited to trainings, instructions, seminars, disciplines, reviews or warnings.

24.    Any and all documents including meeting memoranda, notes, drafts, emails or other documents which in any way refers to a *currently existing* policy, standard or procedure prohibiting or speaking to the rights concerning discrimination, harassment or retaliation of any kind.

25.    Any documents which relate in any way to any *past and currently nonexistent* (and thus abandoned or revised) policy prohibiting or speaking to the rights concerning harassment, discrimination or retaliation of any kind.

26.    Any and all documents relating in any way to Plaintiff's medical status.

27.    Any and all documents pertaining in any way to any contact by defense counsel or other agents, servants or representatives with any witness or other party in this action, including letters, emails, statements, transcription, notes of meetings, notes reflecting oral statements or other such documents.

28.    Any and all diaries, calendars, daytimers or similar records reflecting dates or events maintained by any individual the plaintiff named in his/her Complaint or who the Plaintiff describes in his/her Complaint by way of position or incomplete name.

29.    Each and every document in the Defendant's possession, which has not been otherwise provided pursuant to a preceding request and which refers in any way to the Plaintiff.

30.    Any and all documents concerning communications by counsel, letters, memoranda, correspondence or other documents which refer in any way to any employment relationship maintained by the Plaintiff (or any independent contracting or self-employment relationship maintained by the Plaintiff) concerning *other* employment *prior to or subsequent to* Plaintiff's employment or independent contracting relationship with Answering Defendant.

31.    Any and all documents obtained by Defendant or which will be obtained by Defendant by way of subpoena power.

32.    Any and all documents evidencing paycheck inserts, mailings, policy documents, memoranda or any other documents that the Plaintiff is alleged to have received either individually or as part of an employment group during the entirety of Plaintiff's employment, for any reason.

33.    Any and all documents referring to any policy of insurance, whether worker's compensation, general liability maintained by the Defendant for the benefit of the Defendant entity, or maintained by any other entity for the benefit of Answering Defendant, or for the benefit of any individual named in Plaintiff's Complaint, that is alleged to possibly cover one or more of the losses claimed in Plaintiff's Complaint (NOTE: include declarations pages, correspondence with insurance entities, etc.).

34.    Any documents purporting to pertain in any way to any meeting wherein the Plaintiff's employment or independent contracting relationship or termination of same was discussed.

6

35.    For each and every document that you claim is not suppliable pursuant to interrogatories asked by the Plaintiff or a request for production of documents by Plaintiff because the document is privileged, set forth for each and every such document the nature of the document with enough particularity that it can be discussed between the parties and/or the Court and the basis for the objection.  Non-identification along with non-compliance will be the subject of motion activity.

36.    If the Defendant company files or sends annual reports to shareholders, produce the last ten such reports filed and continue to supply reports filed during the pendency of this litigation.

37.    Any and all documents not specifically requested in the foregoing requests that Defendant believes will in any way relate to the claims in this matter.

38.    Identify and attach all correspondence, all documents, all applications (without any alteration, deletion or change), whether electronic or physical (and, in the event of electronic, a printout of same), pertaining to any and all "awards" the answering party has applied for, requested that its employees recommend the entity for, or otherwise requested, solicited or participated in for the seven year period prior to the filing date of Plaintiff's Complaint.

39.    Any and all documents provided by Answering Defendant to the New Jersey Department of Labor and Workforce Development or any other state agency or department in regards to or in response to any claim for unemployment benefits initiated by Plaintiff.

40.    Any and all documents or electronic data pertaining to any "workplace collaboration tools" Answering Defendant utilizes (hereafter referred to as "WCT"), including but not limited to applications and/or programs such as "Slack," "Microsoft Teams," "Google

Hangout," or any other WCT, to the extent that such documents pertain to any information management, creation, alteration or preservation respecting the claim in this matter.

To the extent that Defendant claims it does not use any WCT, clearly so state.

In your production, include but do not limit your response to any and all WCT communications wherein servants, agents, or employees of Defendant, present or former, as well as any other third parties, discussed Plaintiff in any way, shape, or form.

41.    Identify and attach any and all documentation representing identification of administrators of the WCT or any other IT personnel responsible for maintenance and/or administration of same.

42.    Identify any and all documents pertaining to any "litigation hold" placed upon WCT information related to Plaintiff.

43.    Identify and attach all policies and procedures relating to storage of any WCT communication.

44.    Produce any and all policies and procedures related to the use of WCT.

These requests are deemed continuing and require supplementation by the answering party should new or additional information arise.

COSTELLO & MAINS, LLC

By:    _/s/ Samantha J. Leeds_
    **Samantha J. Leeds**

DATED: May 4, 2023

## **CERTIFICATION**

I hereby certify that I have reviewed the document production request and that I have made or caused to be made a good faith search for documents responsive to the request. I further certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based on my personal knowledge.

I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them. The following is a list of the identity and source of knowledge of those who provided information to me:

_____

_____

_____


_____

Signature


_____

Printed Name

LEANDRA PITTMAN       Plaintiff
      vs.
GARDA CL ATLANTIC, INC., ET AL       Defendant

Superior Court of New Jersey
Law Division
Middlesex County
Docket Number: MID-L-002331-23

**Person to be served** (Name & Address):
GARDA CL ATLANTIC, INC.
100 CLOVER PLACE
EDISON, NJ 08837

**Attorney:**
SAMANTHA J. LEEDS, ESQ.
Costello & Mains, LLC

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

STS2023019155

Cost of Service pursuant to R. 4:4-3(c)

$_____

**Papers Served:** Letter, Summons, Complaint, Demand to Preserve Evidence, Jury Demand, Rule 4:5-1 Certification, Designation Of Trial Counsel, Plaintiff's First Set of Interrogatories Directed to Defendants, Certification, Plaintiff's First Request For Production Of Documents, Certification, Track Assignment Notice, CIS and Lawyers Referral List

**Service Data:**

Served Successfully **X**    Not Served_____    Date: 5/8/2023      Time: 1:26 pm       Attempts:_____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

__**X**__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

Jonathan Degado

Authorized Agent

**Description of Person Accepting Service:**

Sex: M___    Age: 50___    Height: 6'1"___    Weight: 180___    Skin Color: White_____    Hair Color: Black_____

**Comments or Remarks:**

**Server Data:**

To Be Used Where Electronic Signature Not Available
Served Data: Subscribed and Sworn to before me on
_____2023 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

HelloSign Approved E-Signature

I, Christopher Obie, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

*Christopher Obie*      05 / 11 / 2023

_____
Signature of Process Server       Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2023019155
Ref: N/A

Doc ID: ead80c3df85bcb624e4e5f46b47734813742c119

| | | |
|---|---|---|
| LEANDRA PITTMAN | Plaintiff | |
| vs. | | |
| GARDA CL ATLANTIC, INC., ET AL | Defendant | |

Superior Court of New Jersey
Law Division
Middlesex County
Docket Number: MID-L-002331-23

**Person to be served** (Name & Address):
GARDA CL ATLANTIC, INC.
C/O CORPORATE CREATIONS NETWORK INC.
181 NEW ROAD 304
PARSIPPANY, NJ 07054

**Attorney:**
SAMANTHA J. LEEDS, ESQ.
Costello & Mains, LLC

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

STS2023019156

Cost of Service pursuant to R. 4:4-3(c)

$_____

**Papers Served:** Letter, Summons, Complaint, Demand to Preserve Evidence, Jury Demand, Rule 4:5-1 Certification, Designation Of Trial Counsel, Plaintiff's First Set of Interrogatories Directed to Defendants, Certification, Plaintiff's First Request For Production Of Documents, Certification, Track Assignment Notice, CIS and Lawyers Referral List

**Service Data:**

Served Successfully __X__     Not Served_____     Date: 5/8/2023     Time: 2:16 pm____     Attempts:_____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

____X____ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

Susan Bolio

Authorized Agent

**Description of Person Accepting Service:**

Sex: F____     Age: 45____     Height: 5'8"____     Weight: 145____     Skin Color: White_____     Hair Color: Blonde_____

**Comments or Remarks:**

**Server Data:**

To Be Used Where Electronic Signature Not Available
Served Data: Subscribed and Sworn to before me on
_____2023 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

HelloSign Approved E-Signature

I, Russell Phillips, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

05 / 11 / 2023

_____
Signature of Process Server          Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2023019156
Ref: N/A

Doc ID: 18c48f5117d46c26e9509578ebc4c05e4472b088

LEANDRA PITTMAN      Plaintiff

vs.

GARDA CL ATLANTIC, INC., ET AL      Defendant

Superior Court of New Jersey
Law Division
Middlesex County
Docket Number: MID-L-002331-23

**Person to be served** (Name & Address):
GARDA WORLD CASHLINK LLC
C/O CT CORPORATION SYSTEM
820 BEAR TAVERN ROAD
WEST TRENTON, NJ 08628

**Attorney:**
SAMANTHA J. LEEDS, ESQ.
Costello & Mains, LLC

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

STS2023019150

Cost of Service pursuant to R. 4:4-3(c)

$_____

**Papers Served:** Letter, Summons, Complaint, Demand to Preserve Evidence, Jury Demand, Rule 4:5-1 Certification, Designation Of Trial Counsel, Plaintiff's First Set of Interrogatories Directed to Defendants, Certification, Plaintiff's First Request For Production Of Documents, Certification, Track Assignment Notice, CIS and Lawyers Referral List

**Service Data:**

Served Successfully    **X**    Not Served _____    Date: _5/8/2023_    Time: _9:15 am_    Attempts: _____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

__**X**__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

_Jeremy Kopp_

_Managing Agent At RA Office_

**Description of Person Accepting Service:**

Sex: M    Age: _40_    Height: _5'9"_    Weight: _175_    Skin Color: _White_    Hair Color: _Balding_

**Comments or Remarks:**

**Server Data:**

To Be Used Where Electronic Signature Not Available
Served Data: Subscribed and Sworn to before me on
_____2023 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

HelloSign Approved E-Signature

I, Sharon McCabe Villa, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_Sharon McCabe Villa_      05 / 09 / 2023

_____
Signature of Process Server          Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2023019150
Ref: N/A

Doc ID: e091083bfea4df74721ad437c74496d4589fcbf6

LEANDRA PITTMAN                          Plaintiff
                    vs.
GARDA CL ATLANTIC, INC., ET AL           Defendant

**Person to be served** (Name & Address):
ROLANDO HERNANDEZ
820 BEAR TAVERN ROAD
WEST TRENTON, NJ 08628

**Attorney:**
SAMANTHA J. LEEDS, ESQ.
Costello & Mains, LLC

Superior Court of New Jersey
Law Division
Middlesex County
Docket Number: MID-L-002331-23

## AFFIDAVIT OF SERVICE

(For Use by Private Service)



STS2023019151

Cost of Service pursuant to R. 4:4-3(c)

$_____

**Papers Served:** Letter, Summons, Complaint, Demand to Preserve Evidence, Jury Demand, Rule 4:5-1 Certification, Designation Of Trial Counsel, Plaintiff's First Set of Interrogatories Directed to Defendants, Certification, Plaintiff's First Request For Production Of Documents, Certification, Track Assignment Notice, CIS and Lawyers Referral List

**Service Data:**

Served Successfully   **X**   Not Served_____   Date: 5/8/2023_____   Time: 9:15 am_____   Attempts:_____

_____  Delivered a copy to him / her personally

_____  Left a copy with a competent household
            member over 14 years of age residing
            therein

___X___  Left a copy with a person authorized to
            accept service, e.g. managing agent,
            registered agent, etc.

Name of Person Served and relationship / title:

_Jeremy Kopp_____

_Managing Agent At RA Office_____

**Description of Person Accepting Service:**

Sex: M   Age: 40   Height: 5'9"   Weight: 175   Skin Color: White_____   Hair Color: Balding_____

**Comments or Remarks:**


**Server Data:**

To Be Used Where Electronic Signature Not Available
Served Data: Subscribed and Sworn to before me on
_____2023 by the affiant who is personally known to
me.

_____
NOTARY PUBLIC

HelloSign Approved E-Signature

I, Sharon McCabe Villa, was at the time of service a
competent adult not having a direct interest in the
litigation. I declare under penalty of perjury that the
foregoing is true and correct.

*R McCabe Villa*                          05 / 09 / 2023
_____
Signature of Process Server                 Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2023019151
Ref: N/A